IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CLARA BROWN, # L1009                                                                PETITIONER

vs.                                                              CIVIL ACTION NO. 3:05-cv-68 HTW-JCS

LAWRENCE KELLY and JIM HOOD                                            RESPONDENTS


**ORDER DENYING HABEAS CORPUS PETITION**

Before this court is the Report and Recommendation of the United States Magistrate Judge addressing three claims submitted by petitioner in her petition filed January 31, 2005. Each claim will be addressed in turn.

In his Report and Recommendation dated January 9, 2008, the Magistrate Judge rejected the petitioner's argument that her trial attorney had been ineffective for failing to investigate and pursue a theory of self defense. The Magistrate Judge found that this was an unexhausted claim in state court, a circumstance which means that this claim cannot be raised now in this habeas corpus proceeding. This court agrees. *See Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995); *also see Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

While the Magistrate Judge denied the petitioner's ineffective assistance of counsel claim on the matter of pursuing a self defense theory, the Magistrate Judge granted the petitioner's request for habeas corpus relief on her claim that her guilty plea had not been made knowingly and voluntarily. The petitioner contends that she did not understand the charge against her and did not understand the sentence she faced. The Magistrate Judge, persuaded by this contention, has recommended habeas corpus relief, specifically that the State of Mississippi be ordered to release petitioner within thirty (30)

days unless she is allowed to withdraw her guilty plea.  This court disagrees with the findings and conclusion of the Magistrate Judge on this issue.

Petitioner's third claim contends that her counsel was ineffective because her counsel had failed to insure that she had understood the plea and its consequences. Although the Magistrate Judge did not expressly grant this claim, by implication he did so because he held the following:

> This misunderstanding was not the result of any affirmative misrepresentation on the part of her attorney.  Rather, it was the result of Brown's own confusion and mental limitations coupled with the failure of her attorney and the trial judge to make certain that she understood.

To the extent that this language implicates a finding of counsel ineffectiveness on this issue, this court disagrees.

The legal guideposts applicable to this dispute are readily identified.  Here, the petitioner's claims were rejected by the Mississippi Court of Appeals; thus, because these issues were decided on the merits, this court to grant the petitioner relief must find that the state court's decision involved an unreasonable application of the law to the facts. *Bigby v. Dretke*, 402 F.3d 551, 558 (5th Cir. 2005); *McCall v. Dretke*, 190 F.3d 358, 363 (5th Cir. 2004).  Furthermore, because the state appellate court is presumed to have determined the facts reasonably, petitioner has the burden to prove otherwise and must do so with clear and convincing evidence.  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); Title 28 U.S.C. § 2254(e)(1).[1]

---

[1]Title 28 U.S.C. § 2254(e)(1) provides that, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  This means that State appellate courts are presumed to have determined the facts reasonably, and that it is a petitioner's burden to prove otherwise with clear and

The core contention then is whether petitioner's guilty plea was made voluntary and knowingly. The test for determining the validity of the guilty plea is whether the plea represents voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369, 88 L.Ed.2d 203 (1985); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "[T]he representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000).

Finally, where this court stands in review of a Report and Recommendation by the Magistrate Judge, the Federal Magistrates Act provides two separate standards of judicial review: the "clearly erroneous or contrary to law" for resolution of nondispositive matters, *see* 28 U.S.C. § 636(b)(1)(A);[2] and the "de novo" for resolution of dispositive matters, *see* § 636(b)(1)(B)-(C).[3]  *Peretz v. United States*, 501 U.S. 923, 944, 111 S.Ct. 2661, 115

---

convincing evidence. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002); and *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

[2]Title 28 U.S.C. § 636 b)(1)(A) provides that, "[n]otwithstanding any provision of law to the contrary – (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

[3]Title 28 U.S.C. § 636 (b)(1)(B) and (C) provide: (b)(1) Notwithstanding any provision of law to the contrary – (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial [FN1] relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

L.Ed.2d 808 (1991).  This court shall review the Report and Recommendation of the Magistrate Judge in this case under the *de novo* standard.

To resolve this dispute, this court has duly considered the trial record from the Circuit Court of Pike County, Mississippi, certainly the guilty plea colloquy between the Judge and the petitioner; a "Know Your Rights" Form signed by petitioner; the testimony of petitioner's trial attorney at her habeas proceeding; and petitioner's own testimony at the evidentiary proceeding conducted by the Magistrate Judge.  Having studied the information provided by these sources, this court hereby denies petitioner's request for habeas corpus relief for the reasons which follow.

The court has the transcript of the petitioner's state court hearing during which she entered her guilty plea.  In accordance with Rule 8.04 of the Uniform Rules of Circuit and County Court Practice,[4] the Trial Judge asked the petitioner and her attorney whether

---

(C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo determination* of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

[4]Rule 8.04 of the Uniform Rules of Circuit and County Court Practice provides in relevant part as follows:  A. Entry of Guilty Pleas.

2. Entry of Guilty Plea. A person who is charged with commission of a criminal offense in county or circuit court, and is represented by an attorney may, at his/her own election, appear before the court at any time the judge may fix, and be arraigned and enter a plea of guilty to the offense charged, and may be sentenced by the court at that time or some future time appointed by the court.

3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing

petitioner understood her rights, the nature of her plea, and its consequences. The Judge explained that the petitioner was charged with murder and that the maximum penalties she could face were a life sentence and a $10,000 fine. The Trial Judge asked the petitioner whether her attorney had explained each element of the crime of murder to her, whether she was pleading guilty because she was in fact guilty, whether she was satisfied that the state could meet its burden of proving her guilt beyond a reasonable doubt and whether she understood all the rights she was waiving by pleading guilty. The petitioner responded in the affirmative to all of these questions. When asked whether her plea was offered freely and without any threat or promise having been made to her, she likewise answered in the affirmative. Thus, the Trial Judge concluded, based upon the petitioner's responses, that the petitioner's plea was knowing, voluntary and intelligent.

Clearly this record of the guilty plea proceedings argue strenuously against petitioner's contentions that she did not understand the nature of the plea and its consequences.

---

that the plea of guilty was voluntarily and intelligently made must appear in the record.

4. Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:  a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;  c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.

Prior to undertaking her plea, the petitioner had signed a form entitled "Know Your Rights." This form, too, undermines petitioner's assertions. This form reflects that petitioner was charged with murder and faced a sentence of life.

Then there is the testimony of petitioner's trial attorney. He testified that he had reviewed the discovery with petitioner; had advised her of her choices to either enter a plea or go to trial; that petitioner was facing a charge of murder whether she pled or went to trial; and that the sentence for murder was life. According to petitioner's trial counsel, petitioner decided to enter a guilty plea because she wanted to put the event behind her, the event being a murder of her boyfriend of several years whom she claimed to have loved and the fact that petitioner had committed this murder in the presence of neighborhood children who knew her well. This testimony also weighs heavily against petitioner's allegations.

On September 7, 2007, the Magistrate Judge conducted an evidentiary hearing to determine whether the petitioner's guilty plea had been knowing and voluntary. At this hearing conducted five years after the petitioner had entered her guilty plea in state court, the Magistrate Judge relied primarily on the testimony of the petitioner herself as the predicate for granting federal habeas corpus relief on this issue. This court is not similarly impressed.

First, this court recognizes that this hearing occurred five years after petitioner entered her guilty plea and three years after the Mississippi Court of Appeals had affirmed petitioner's conviction. So, this court must consider this passage of time in weighing petitioner's credibility.

When placed under the microscope of credibility, petitioner's testimony provides glaring inaccuracies, such as her assertions of having attained three different educational levels (eighth, ninth and tenth grades), and her testimony before the Magistrate Judge that she was not present at sentencing when the state court record shows clearly that she was present.

Apparently, the Magistrate Judge relied primarily on the testimony of the petitioner herself as the predicate for granting federal habeas corpus relief on this issue. The Magistrate Judge observed that the petitioner suffers a psychiatric disorder for which she takes medication; that she has difficulty understanding others; that she was unable to explain the distinction between pleading guilty and going to trial; and that she could not explain the meaning of the term "maximum penalty" and "minimum penalty." Nothing in the record, however, indicates that at the time of the plea plaintiff was suffering from any psychiatric disease or disorder which interfered with her ability to understand the nature of the guilty plea proceeding. Further, as petitioner stands to gain relief from confinement for having committed a public murder, she has a motive to be deceptive and provide scattered answers to questions which may indicate that she had been competent to enter a plea of guilty.

Petitioner overemphasizes that she entered a plea of guilty to murder with a mandatory sentence of life and, thereby, gained nothing for the plea. She offers this point as further ground that she did not understand the gravity of the guilty plea. Again, this court is unpersuaded. Defense counsel testified that petitioner who had committed a public murder before witnesses who knew her simply wanted to put the matter behind her. He further testified that he had asked the District Attorney to reduce the crime from

7

murder to manslaughter but had been unsuccessful. Many times this court has been greeted with assertions by defendants who have given confessions that their confessions given without promise of any leniency must have been involuntarily given or coerced. On these occasions, as here, courts look to the totality of the circumstances to determine if the conduct challenged was voluntary. Here, in spite of petitioner's assertion that a guilty plea would avail her nothing, this court under the totality of the circumstances is convinced that she voluntarily chose this path for her own reasons.

This court, then, is not prepared, five years after the petitioner's guilty plea which was accepted by the Trial Judge, and which was in full accordance with the state court rules on the entry of guilty pleas, to adopt the Magistrate Judge's recommendation to grant habeas corpus relief on the ground that the petitioner's guilty plea was not knowing and voluntary.

It follows that this court similarly, and for the same reasons, is not persuaded by petitioner's claim of ineffective assistance of counsel on her entry of a guilty plea. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984), makes plain that there is no presumption of prejudice from one or more discrete instances of ineffectiveness on the part of defense counsel. *Id.*, 104 S.Ct. at 2067. Rather, "the defendant must show that they actually had an adverse effect on the defense," *id.*, and "a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.*, at 2069. In this connection, it is not enough to show "that the errors 'impaired the presentation of the defense'" or that they "had some conceivable effect on the outcome of the proceeding." *Id.,* at 2067. Rather, "[t]he defendant must show that there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 2068.  Having closely reviewed this matter, this court is not persuaded that the trial judge, defense counsel or the prosecutor committed any error at all.  Nevertheless, any error which might be inferred from the sentencing proceedings in question had no effect upon the outcome of the proceeding.

Therefore, this court hereby adopts that part of the Report and Recommendation where the Magistrate Judge denies the petitioner's claim of ineffective assistance of counsel for failing to investigate and pursue a theory of self defense since this claim was not exhausted in state court and cannot be raised in this forum.  This court rejects that part of the Magistrate Judge's recommendation to grant habeas corpus relief on the ground that the petitioner's guilty plea was not knowing and voluntary.  The court also rejects that part of the Magistrate Judge's recommendation which implies that defense counsel had been ineffective in counseling petitioner on the matter of the guilty plea.

This court, as above shown, is unpersuaded by any of petitioner's claims and, more, the court is persuaded that the findings of the Magistrate Judge to the contrary are clearly erroneous.  Accordingly, this court hereby dismisses the instant petition with prejudice.[5]

**SO ORDERED, THIS THE 23rd DAY OF JULY, 2008.**

                                        **s/ HENRY T. WINGATE**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-cv-68 HTW-JCS
Order denying habeas corpus petition

---

[5]Although this court sees this as a dispositive matter fit for review under the *de novo* test, the court is equally persuaded that the Magistrate Judge's determination falls prey to the "clearly erroneous" test.